Succession of Orcasitas, Plaintiff and Appellant, *v.* Succession of Orcasitas, Defendant and Respondent.

Appeal from the District Court of San Juan, Section 1, in Proceedings for the Liquidation of a Commercial Partnership and the Partition of an Hereditary Estate.

No. 1115.—Decided July 7, 1914.

Liquidation of Commercial Partnership—Partition of Hereditary Estate.—
When a complaint prays for a judgment ordering the liquidation of a commercial partnership and the partition of an hereditary estate under the supposition that neither of these acts has been performed and the evidence shows that both have been done, the prayer cannot be sustained.

ISSUE—PLEADING—COMPLAINT.—When a party considers a certain deed detri-
    mental to his rights and wishes to attack its validity, he should allege in the
    complaint the facts constituting such detriment and attack the deed in the
    proper manner and not raise the issue on the basis of the non-existence of
    the said instrument.
ID.—PLEADING—COMPLAINT.—The terms of the issue raised in the complaint can-
    not be modified by materially changing the allegations on which the action
    is brought and raising grounds of nullity on appeal which were not alleged
    in the complaint.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for the appellant.

*Messrs. Bosch & Soto* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal by the Succession of José Ramón Orca-
sitas y Ortiz from the judgment which the District Court of
San Juan, Section 1, rendered on November 25, 1913, in the
above-entitled case dismissing the complaint with costs against
the plaintiff.

In the said complaint the Succession of José Ramón Orca-
sitas y Ortiz prays for a judgment with two pronouncements
as follows: First, that the mercantile partnership of Orca-
sitas & Company which was created by a public instrument
of February 22, 1877, be declared in liquidation and that a
receiver be appointed to liquidate the same and apportion
the assets among the partners in accordance with the Code
of Commerce, or that, in case this should be impossible, the
plaintiff be indemnified in the sum of $25,000; and, second,
that the court order a partition and distribution of the estate
of Casiano Orcasitas y Ortiz, deceased, which is unliquidated
and in the possession of the Succession of José Orcasitas
y Ortiz, also deceased, or intermixed with the property of
the latter.

In support of the first pronouncement the plaintiff alleges
that on February 22, 1877, the brothers José and Casiano
Orcasitas y Ortiz entered into a contract for the formation
of a mercantile partnership under the firm name of Orcasi-
tas & Company, which assumed charge of the liquidation of

all the assets and liabilities of another former partnership created by the same brothers on December 21, 1867, under the same firm name; that Casiano Orcasitas y Ortiz died on January 15 of the following year, 1878, and consequently all the partnership assets, papers, and books of accounts of Orcasitas & Company remained in the possession of the surviving partner, José Orcasitas y Ortiz, who from that time, and upon his death his heir, the defendant, continued in charge of all the assets and liabilities of the firm, and neither the plaintiff succession nor its predecessor in interest had access to, or intervention in, the business of the said firm; that Casiano Orcasitas Ortiz executed a will on December 28, 1878, in which, among other things, he authorized his brother and partner, José Orcasitas y Ortiz, to liquidate the mercantile firm of Orcasitas & Company, naming as solidary executors of his said will his said brother in the first place and others on his failure. As he left no legitimate ascendants or descendants, he instituted as his sole and universal heirs his three brothers, José, Pedro and José Ramón, and his sister, Teresa Orcasitas y Ortiz, the first to one-half of his estate and the other three to the remaining half in equal shares; that neither José Ramón Orcasitas y Ortiz nor subsequently his heir, the plaintiff, was summoned or notified to intervene in any legal liquidation of Orcasitas & Company and they have not done so; that José Orcasitas y Ortiz died about the year 1898 and that at present his succession is composed of Josefa Orcasitas y Delgado in her own right and as the sole and universal testamentary heir of her deceased brother, Antonio Orcasitas Delgado; that José Ramón Orcasitas y Ortiz died in July, 1911, and his universal heirs are his legitimate and only children, José, Casiano, Pedro, Pantaleón and Josefa Orcasitas y Ruiz; that José Orcasitas y Ortiz, and after his death his heir, the defendant, instead of liquidating the commercial firm of Orcasitas & Company and the former firm of the same name according to law, disposed of all the partnership assets by holding possession

of a part thereof and alienating the rest; that a just and equitable liquidation of the two firms of Orcasitas & Company would show that not less than $25,000 belongs to the plaintiff; that before and since the year 1880 the Succession of Casiano Orcasitas Ortiz, through some of its members, has been demanding extrajudicially the liquidation which it now prays for.

In support of the second pronouncement prayed for the plaintiff alleges its character as the universal heir of José Orcasitas y Ortiz; the character of the defendant as the universal heir of José Orcasitas y Ortiz; the death of Casiano Orcasitas Ortiz which occurred on January 15, 1878, and the institution of heirs made by him in his will executed on December 28, 1877, the partition of the estate being still pending notwithstanding the extrajudicial demands made year after year for said partition.

The defendant succession admitted some of the facts alleged in the complaint and denied others, alleging as the principal ground of defense that the liquidation of the firm of Orcasitas & Company and the partition of the estate of Casiano Orcasitas y Ortiz had been effected by a deed of January 8, 1881, pursuant to the wishes of Casiano Orcasitas y Ortiz as expressed in his will of December 28, 1877, and that both José Orcasitas y Ortiz, heir and executor of Casiano Orcasitas Ortiz, and also Pedro Orcasitas, another of his heirs, were parties to that deed.

Among other evidence there were introduced at the trial the will executed by Casiano Orcasitas y Ortiz on December 28, 1877, and the deed of January 8, 1881, to which the defendant refers in its answer.

In clause 4 of his will Casiano Orcasitas y Ortiz states that "his property is composed of the balance due him as shown by the books of the commercial firm doing business under the firm name of Orcasitas & Company, of which the only managing partners are he and his brother, José Orcasitas."

In clause 5 he states that "in view of the undoubted right which the testator has to dispose of his property at will because he has no heirs at law, he expressly authorizes his partner and brother, José Orcasitas, to do as he deems most convenient, either liquidating or dissolving the partnership, and the heirs instituted by him shall have no right of action therefore, for they must accept their inheritances under these conditions and in the manner in which the same may be delivered to them by his said brother in view of the confidence he has that his brother will act with the customary loyalty and good faith which he has always shown."

In clause 6 Casiano names as his executors "in the first place, his said brother, José Orcasitas, in the second place, Eustasio Zalduondo and, in the third place, Antonio Valle, the three jointly and each individually and *in solidum*, extending the statutory term of the executorship of one year to such time as they may require, granting them full and unlimited power to the end that, extrajudicially and not otherwise, which is strictly prohibited, they may proceed to the settlement and liquidation of his estate, having due regard to the provisions of the foregoing clause which forbids all judicial proceedings and authorizes the first executor to do whatever he may think best, wherefore the balance which he may strike in the books will be sufficient and will serve to prove the delivery of the amount belonging to each heir."

And in clause 7 "he institutes and names as his sole and universal heirs, he having no legitimate ascendants or descendants, his three brothers and one sister in the following proportions: Half of his estate to José Orcasitas and the other half to Pedro, José Ramón and Teresa in equal shares, the two last named now being in Spain. He leaves them the said inheritances under the conditions and exemptions set out in the foregoing clauses in favor of his said brother, and although they may have lawful cause and reason for objecting to the settlement, they shall not be permitted to do so or

to take any action at law or otherwise, that they may enjoy their shares with the blessing of God and his approval''

In the deed of January 8, 1881, entitled ''Acceptance of Inheritance,'' to which José and Pedro Orcasitas y Ortiz are parties, after referring to clauses 6 and 7 of the foregoing will they state the following in clauses 4, 5 and 7 of the said deed:

''4. That in view of all the dispositions made by the said Casiano and by virtue of the power conferred upon José in his will the latter proceeded to make the proper inventory, accounting and partition of all the estate, consisting only of what might be shown to belong to him in the partnership existing between the two in this city, to which end he struck a general balance on July 1, 1878, showing the following:

''ASSETS.

''Capital of the deceased Casiano Orcasitas according to
. balance struck June 1, 1878_____ $32,428.00

''LIABILITIES.

''Error of calculation in balance_____    $230.06
''His share of worthless and doubtful accounts, profit and loss, interest, discount, and exchange_____._____ 8,601.31
''Rent of burial vault for three years and other expenses_____ 100.00

''Balance in his favor_____.___ $23,546.70

''This $23,546.70 apportioned among the four heirs in the ratio directed by Casiano in clause 7 of his will results as follows:

''One-half to José____.._____.._____ $11,773.35
''One-sixth to Pedro_____ 3,924.45
''One-sixth to José Ramón____'_____...__ 3,924.45
''One-sixth to Teresa _____.._____ 3,924.45

$23,546.70

''5. That although José is fully empowered by the deceased Casiano to make this partition, still he has done so with the consent of the other brothers and co-heirs and subject to the condition that, if nec-

essary, it may be approved and ratified in legal form by José Ramón and Teresa, now residing in Spain, to whom he shall deliver at the earliest possible moment the shares of the estate belonging to them and they shall execute the proper acquittance in his favor.

"6. That the two parties hereto, José and Pedro Orcasitas, accept the inheritance of their deceased brother Casiano unconditionally in the proportion corresponding to each, declaring by this document that his estate is settled and acknowledging to have received to their entire satisfaction the shares belonging to each under the last will of the said Casiano, and they bind themselves to make no claims hereafter as such heirs and mutually agree to warrant and defend according to law.

"7. They also covenant that if other property should be discovered hereafter belonging to the estate, the same shall be distributed in the same manner as the property inventoried, and the same shall be done in the case of debts."

There was also introduced in evidence at the trial a receipt signed by José Ramón Orcasitas on August 2, 1879, for 38,000 *reales de vellón* (about $1,900) which he acknowledged to have received from his deceased brother Casiano on account of his share as heir of the said estate which might result from the liquidation being made at that time.

It is not necessary to consider the other evidence introduced at the trial, for the will of Casiano Orcasitas y Ortiz, the receipt signed by José Ramón Orcasitas, to which we have just referred, and the deed of January 8, 1881, are sufficient upon which to decide the present appeal.

The deed of January 8, 1881, as its wording shows, contains a liquidation of the partnership of Orcasitas & Company and a partition of the hereditary estate of Casiano Orcasitas y Ortiz, and as the complaint prays for the said liquidation and partition in the supposition that they had not been made, the said prayer cannot be granted. Casiano Orcasitas y Ortiz conferred ample and unlimited power upon his brother José in the sixth clause of his will to settle and liquidate his estate, taking as a basis therefor the result of the liquidation to be made in the books of Orcasitas & Company, which liquida-

tion should serve him as a basis for effecting the delivery of the shares belonging to each heir, and when he executed the deed of January 8, 1881, he fulfilled the duty entrusted to him by the testator. The failure of José Ramón Orcasitas to join in the said deed is not sufficient to support the allegation that the said transactions were not carried out, for against such allegation there is a solemn and public instrument in which the said transactions are set out.

The two pronouncements prayed for in the complaint are based principally on the non-existence of the liquidation of Orcasitas & Company and of the partition of the estate of Casiano Orcasitas y Ortiz. These transactions having been performed, as we have stated, there is no ground for granting the said pronouncements. If the plaintiffs believe, as they allege in support of the appeal, that the liquidation and partition set out in the deed of January 8, 1881, are null and void in law, they should have alleged the same in the complaint and stated all the facts to prove the same so as to present the issue in a clear and unequivocal manner to be decided after a perfect understanding and discussion by both parties of all the circumstances of the case.

According to section 103 of the Code of Civil Procedure the complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language, whereas in the complaint of the plaintiff succession there does not appear a single fact or allegation tending to show the nullity of the deed of January 8, 1881. Furthermore, it does not even allege the existence of such deed, of which the plaintiff succession must have had knowledge inasmuch as it offered the same in evidence at the trial, and when the ancestor of the said succession, José Ramón Orcasitas, signed the receipt of August 2, 1879, he stated that he had received from José Orcasitas the sum of 38,000 *reales de vellón* on account of the share coming to him as heir of Casiano as a result of the liquidation then being made.

If the plaintiff deemed its rights to have been prejudiced

by the deed of January 8, 1881, and desired to obtain repara-
tion- therefor, it should have alleged such injury, setting out
the facts determining the same and objecting to the deed in
the proper manner and not have confined itself to basing the
controversy on the non-existence of transactions which had
already been carried out. The issue raised in the complaint
cannot be changed by changing substantially the facts deter-
mining the cause of action, as has been done by the appellant
by pleading grounds of nullity which he did not set up in the
complaint.

For the foregoing reasons the judgment appealed from
should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this.
case.